UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHON DAVEON WOODS,

    Defendant.
_____/

Case No. 1:22-cr-45-2

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant Johon Daveon Woods' pro se motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 76). For the following reasons, the Court denies the motion.[1]

### I. BACKGROUND

Defendant pleaded guilty to Theft of Firearms from Federal Firearms Licensee (Pre-Sentence Report [PSR, ECF No. 58, filed under restricted access] ¶¶ 2–6). Defendant's criminal history subtotal was four, and he was given two additional points for "commit[ting] the offense while under a criminal justice sentence," which made Defendant's total criminal history score six (*id.* ¶¶ 49–50). The criminal history score of six established a criminal history category of III (*id.* ¶ 51). Based upon Defendant's total offense level of 25 and criminal history category of III, the guideline imprisonment range was 70 to 87 months (*id.* ¶ 79). On November 3, 2022, this Court

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

sentenced Defendant to 84 months' imprisonment to be followed by three years' supervised release (Minutes, ECF No. 64; Judgment of Sentence, ECF No. 65).

After Defendant's Sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

Defendant filed his motion at bar on September 30, 2024, seeking retroactive application of Amendment 821 to the Court's Judgment of Sentence. Pursuant to this Court's Order (ECF No. 77), the Probation Office prepared a Sentence Modification Report (SMR), which was filed under restricted access on December 6, 2024 (ECF No. 80). On January 17, 2025, the government filed a response in opposition to Defendant's motion (ECF No. 81).

## II. ANALYSIS

### A. Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First,

a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## B. Discussion

Defendant's motion implicates Part A of Amendment 821. Defendant argues that his sentence should be reduced because his presentence report included "Status Points" in the calculation of his criminal history score under then U.S.S.G. § 4A.1.1(d) (ECF No. 76 at PageID.358). The author of the SMR indicates that a reduction of Defendant's sentence is not

consistent with the policy statements of the United States Sentencing Commission because the new calculation does not result in a lower guideline range (ECF No. 80 at PageID.366). The government agrees (ECF No. 81 at PageID.369).

Defendant's motion is properly denied.

Defendant had two Status Points added to his criminal history score under what was U.S.S.G. § 4A1.1(d), bringing his total to six. Applying the changes to the guidelines reflected in U.S.S.G § 4A1.1(e), Defendant's Status Points decrease from six to four; however, the reduction in criminal history points would not change Defendant's criminal history category, and his advisory sentencing guideline range is therefore unchanged. *See* U.S.S.G. Ch. 5, Part A: Sentencing Table. Accordingly, Defendant is not entitled to a modification of his sentence under 18 U.S.C. § 3582(c)(2), and his motion is properly denied. Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if...an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Defendant's motion fails at the first step of the analysis, and the Court does not reach the § 3553(a) factors. *See Dillon*, 560 U.S. at 826. Therefore:

**IT IS HEREBY ORDERED** that Defendant's pro se motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 76) is DENIED.

Dated:  January 27, 2025                             /s/ Jane M. Beckering
                                                     JANE M. BECKERING
                                                     United States District Judge